UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                    :

SYLVIA TOPP,                        :

                    Plaintiff,   :

                             :         20 Civ. 10016 (LGS)

           -against-        :

                             :        **OPINION AND ORDER**

HARRY PINCUS, et al.,        :

                  Defendants. :

                             :

------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Plaintiff Sylvia Topp brings this action against Defendants Harry and Monica Pincus seeking partition by sale, pursuant to Article 9 of the New York Real Property Actions and Proceedings Law ("RPAPL"), of the fifth floor of a cooperative apartment located at 160 Sixth Avenue, New York, New York 10013 (the "Building"), and a related accounting. Plaintiff and Defendants cross-move for summary judgment on Plaintiff's claim. For the reasons discussed below, Plaintiff's motion is granted, and Defendants' motion is denied.

I.    **BACKGROUND**

The background facts below are drawn from the parties' Rule 56.1 statements and other submissions on these motions. The facts are either undisputed or based on evidence in the record drawing all reasonable inferences in favor of the non-moving party.

In around June 1975, Ms. Topp and Mr. Pincus each purchased one share of common stock of the Tashikan Corporation (the "Coop"). The Coop Incorporation Agreement, dated June 10, 1975, states that each paid a Capital Contribution of $4,080 and had a Loan Amount of $1,000. The Coop Agreement also lists, for both Ms. Topp and Mr. Pincus, the "Portion of the Buildings to [be let] Under a Proprietary Lease" as "Joint occupancy of 5th floor." Each was

provided with a separate written lease, dated July 1, 1975, both of which provide, "The Lessor [the Coop] hereby leases to the Lessee . . . all that certain space on the 5th floor of the building set forth in the diagram attached hereto as Exhibit A." Each lease contains an Exhibit A, which is an unlabeled outline drawing of the entire fifth floor of the Building. The two drawings are similar but not identical, and the parties dispute whether interior lines in Mr. Pincus's Exhibit A depict the division of the floor into two apartments.

On or around July 3, 1979, the Coop filed what remains the operative Certificate of Occupancy for the Building, # 79468 (the "CO"), which lists the fifth floor as one dwelling. The Certificate of Occupancy states: "NO CHANGES OF USE OR OCCUPANCY SHALL BE MADE UNLESS A NEW AMENDED CERTIFICATE OF OCCUPANCY IS OBTAINED." Notwithstanding the CO, Ms. Topp and Mr. Pincus continued to treat the apartments as separate units for many years, including constructing interior dividing walls and separate bathrooms and kitchens. Even after these interior changes, the parties continued to permit each other access to the elevator entrance (on Ms. Topp's side of the floor) and fire escape (on Mr. Pincus's side of the floor). The apartments initially also shared electrical lines, meters and water supply.

At some point, the parties began a process of attempting to split legally the fifth floor. Beginning in the 1980s, Mr. Pincus began making changes to the apartment, such that the two halves could be more independent. He added a new gas line, elevator entrance, kitchen and bedroom. The parties have been unable to accomplish a legal division of their apartments because the windows on the south half of the floor in Ms. Topp's apartment are "lot-line" windows and do not provide the requisite light and air required for an independent apartment.

On or around September 4, 2014, the Department of Buildings (the "DOB") issued violation # 35101854Y for "OCCUPANCY CONTRARY TO DOB RECORDS. C OF O

2

# 79468, INDICATES 5TH FLOOR TO BE USE [sic] AS 1 RESIDENTIAL DWELLING UNIT . . . ILLEGAL OCCUPANCY NOTED:  FLOOR ILLEGALLY DIVIDED INTO 2 CLASS 'A' APT."  On or around October 23, 2019, the DOB issued summons # 039011991R, which states:  "As per CO #79468 which indicates second to sixth floor one apt on each floor, however at time of inspection observed two apartments on the fifth floor.  [A]pt [] #5S was created and added on 5th floor contrary to certificate of occupancy[.]  Remedy:  Discontinue illegal occupancy or amend C of O."  The DOB has denied at least three requests for a variance, without which, the units cannot be legally maintained as separate units.

## II.   SUMMARY JUDGMENT

### A.   Legal Standard

When parties cross-move for summary judgment, the Court analyzes the motions separately, "in each case construing the evidence in the light most favorable to the non-moving party."  *Schwebel v. Crandall*, 967 F.3d 96, 102 (2d Cir. 2020).  Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and that movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for a nonmoving party."  *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (quoting *SCR Joint Venture L.P. v. Warshawsky,* 559 F.3d 133, 137 (2d Cir. 2009)).  New York law applies to this claim because the dispute involves a property interest in the State of New York and the parties' submissions assume that New York law applies.  *See In re Snyder*, 939 F.3d 92, 100 n.2 (2d Cir. 2019) ("[I]mplied consent is . . . sufficient to establish the applicable choice of law[.]" (quoting *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017)).

## III.   DISCUSSION

Plaintiff seeks partition by sale of the fifth floor, which comprises the parties' apartments. Defendants oppose apparently seeking to maintain the status quo, and in effect preventing Plaintiff from selling her apartment.  Plaintiff is entitled to summary judgment because the record establishes, as a matter of law that:  (1) the fifth floor is one legal unit, regardless of the parties' intent at the time of purchase; (2) partition by sale is proper because dividing the floor would greatly prejudice the parties and (3) the Coop is not a necessary party.

Section 901(1) of the RPAPL provides:

> A person holding and in possession of real property as joint tenant or tenant in common, in which he has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners.

RPAPL § 901(1).  A prima facie case under this section is made by demonstrating "that 1) the parties own the building as tenants in common and 2) physical partition of the property would come at great prejudice to the owners."  *MurrayRayeDebbie, LLC v. Rosenphil LLC*, 98 N.Y.S.3d 837, 837 (1st Dep't 2019).  The partition of the joint ownership interests in a coop apartment is "unique" because of the property's susceptibility of treatment as a partition of both realty and personalty.  *Chiang v. Chang*, 529 N.Y.S.2d 294, 374 (1st Dep't 1988).  New York courts have routinely applied RPAPL § 901 in the context of coops.  *See, e.g.*, *Damas v. Biggs*, 66 N.Y.S.3d 130, 131 (1st Dep't 2018) ("Shares to a cooperative unit may be partitioned under RPAPL article 9"); *Galitskaya v. Presman*, 937 N.Y.S.2d 878, 878 (2d Dep't 2012) (same); *Chiang*, 529 N.Y.S.2d at 295-97 (same); *see generally Alphonso v. C.I.R.*, 708 F.3d 344, 352 (2d Cir. 2013) ("The interest in a cooperative apartment is represented by shares of stock, which are personal property, *yet in reality what is owned is not an interest in an ongoing business*

*enterprise, but instead a right to possess real property.*" (emphasis in original) (internal

quotation marks omitted)).

     A.     **Tenants in Common**

     Plaintiff has established, as a matter of law, that Plaintiff and Defendants hold the fifth

floor as tenants in common.  "A tenancy in common exists when two or more persons each own

and possess an undivided interest in property, real or personal."  *Chiang*, 529 N.Y.S.2d at 295

n.1.  Under New York law, "[a] disposition of property to two or more persons creates in them a

tenancy in common, unless expressly declared to be a joint tenancy."  N.Y. Est. Powers & Trusts

Law § 6-2.2(a).  Defendants do not contend that the "joint tenancy" exception to § 6-2.2(a)

applies.  Nor does the record reflect that the parties hold the property as joint tenants.[1]

     Defendants argue that the parties' intent at the time of purchase, rather than the CO,

should govern, and further contend that Ms. Topp's deposition testimony, the parties' separate

stock certificates and the parties' separate leases serve as sufficient evidence for a reasonable

jury to find that two legal dwellings exist on the fifth floor.  This argument is unpersuasive.  "[A]

building's legal designation is settled by the certificate of occupancy."  *Walker v. Insignia*

*Douglas Elliman LLC*, 913 N.Y.S.2d 186, 187 (1st Dep't 2010) (internal quotation marks

omitted).  Neither party disputes that the operative CO is the 1979 CO filed by the Coop, which

lists the fifth floor as a single dwelling.  That CO establishes the fifth floor as a single unit of

property under New York law.  *See id.*; *23 Realty Assoc. v. Teigman*, 624 N.Y.S.2d 155, 156-57

(1st Dep't 1995) ("It is not the de facto condition of residential tenancies which determines

whether the structure is a hotel or an apartment building.  That question is settled by the

---

[1]  Even if the parties held the fifth floor as joint tenants, the same standard under RPAPL § 901
would apply.  *See Khotylev. v. Spektor,* 87 N.Y.S.3d 58, 59-60 (2d Dep't 2018).

certificate of occupancy and by the [Division of Housing and Community Renewal]

designation").  This conclusion is further supported by the September 2014 and October 2019

DOB violations.  The September 2014 DOB violation makes clear that the fifth floor is "illegally

divided into 2 Class 'A' [apartments]."  A later violation, in October 2019, lists the available

"[r]emedy" as "[d]iscontinue illegal occupancy or amend C of O."

　　　　To the extent Defendants argue that the parties' intentions create a genuine dispute of

material fact, Defendants have not cited a single case to support that view.  Defendants rely on

*Herskovitz v. Steinmetz*, 40 Misc. 3d 439, 440 (N.Y. Sup. Ct. 2013), but -- as Defendants

acknowledge -- that case deals only with whether extrinsic evidence should be considered to

resolve whether an ambiguous coop certificate created a tenancy in common or a joint tenancy.

　　　　Because there is no genuine dispute of material fact concerning the CO or DOB

violations, Ms. Topp has established as a matter of law that the fifth floor is one legal unit, which

the parties hold as tenants in common.

### B.　　Physical Partition Not Viable Alternative

　　　　Partition by sale is proper because there is no genuine dispute that physical partition

cannot be made without great prejudice to the parties.

　　　　A court overseeing a partition action will enter an "interlocutory judgment," which

(1) "shall determine the right, share or interest of each party in the property, as far as the same

has been ascertained"; (2) "[w]here the property . . . is so circumstanced that a partition thereof

cannot be made without great prejudice to the owners[,] . . . shall direct that the property . . . be

sold at public auction" and (3) when the judgment is in favor of the plaintiff, "shall direct that

partition be made between the parties according to their respective rights, shares and interests."

RPAPL § 915.

"The right to partition is not absolute, . . . and while a tenant in common has the right to maintain an action for partition pursuant to RPAPL 901, the remedy is always subject to the equities between the parties." *Tsoukas v. Tsoukas*, 968 N.Y.S.2d 109, 110 (2d Dep't 2013); *accord Chasewood v. Kay*, No. 18 Civ. 623, 2020 WL 70857, at *4 (E.D.N.Y. Jan. 6, 2020) (granting summary judgment where defendant did not raise genuine issue as to whether partition by sale was appropriate).  Accordingly, a defendant may defeat a summary judgment motion "by raising a triable issue of fact as to whether the equities favor partition." *Chasewood*, 2020 WL 70857, at *4; *Arata v. Behling*, 870 N.Y.S.2d 450, 451 (2d Dep't 2008) (same).

Defendants maintain that physical partition would not cause great prejudice because the Coop -- not the parties -- should bear the cost of physical separation.  But Defendants do not dispute that efforts to split the fifth floor into two units have been ongoing since at least 1996 without success.  The DOB has been unwilling to approve a variance because the windows in Ms. Topp's apartment on the south half of the floor are "lot-line" windows and do not provide legal light and air for an independent apartment.  *See Ferguson v. McLoughlin*, 584 N.Y.S.2d 816, 817 (1st Dep't 1992) (concluding physical partition could not be made without great prejudice where division of the realty "would destroy its marketability and render it virtually inalienable").  Removing obstacles to light and air apparently would require the parties to purchase an adjacent lot (valued -- according to Mr. Pincus -- at approximately $2.3 million).  Defendants argue that this cost should not weigh against them because Plaintiff and the Coop had an opportunity to purchase the lot around 1983 for "minimum expense" and failed to act.  Regardless, the issue here is whether physical partition could be made without great prejudice today.  The answer is no.  There is no genuine dispute that physical partition would result in great prejudice to Ms. Topp.  In addition to the cost of the lot, the record reflects that other

changes -- including to other Coop units -- likely would be required to amend the 1979 CO and

legally divide the fifth floor.  Accordingly, partition by sale is proper under RPAPL § 915.

C. <strong>Rule 19</strong>

Rule 19 of the Federal Rules of Civil Procedure does not prevent partition by sale

because the Coop is not a necessary party.  Rule 19(a)(1) provides that a person or entity is a

necessary party if:

> (A) in that person's absence, the court cannot accord complete relief among
> existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so
> situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the
>> interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double,
>> multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  A necessary party must be joined as a party to the action unless joinder

would deprive the court of subject matter jurisdiction.  *Id*.  In those circumstances, the court must

assess whether "in equity and good conscience, the action should proceed among the existing

parties or should be dismissed" by considering the factors provided in Rule 19(b).  Fed. R. Civ.

P. 19(b).

The Coop is not a necessary party under Rule 19(a)(1)(A) because the relief sought --

partition by sale -- can be afforded in the absence of the Coop.  *See Washington Nat'l Ins. Co. v.

OBEX Grp. LLC*, 958 F.3d 126, 135 (2d Cir. 2020) (finding that an entity was not a necessary

party because the district court could, and did, afford complete relief without the entity).  Nor is

the Coop a necessary party under Rule 19(a)(1)(B) because it "fails to satisfy a threshold

requirement:  The absent party . . . must claim an interest [in the subject of the action]."  *Id.*

(alteration in original) (internal quotation marks omitted).  Here, the Coop does not claim an

interest in this action.  The Coop therefore is not a necessary party under Rule 19.

8

Defendants argue that "[w]ithout including [the Coop] the court will not have a full picture of the issuance of separate stock certificates and proprietary leases, or why the 1979 CO was filed in contradiction to the conveyances and the intentions of all the parties involved." But these issues are not determinative of the parties' rights, as discussed above, and do not make the Coop a necessary party. Accordingly, Defendants' motion for summary judgment for failure to join the Coop is denied.

## IV. ACCOUNTING

"A partition action, although statutory, is equitable in nature and an accounting of the income and expenses of the property sought to be partitioned is a necessary incident thereof." *Chasewood*, 2020 WL 70857, at *4. Generally, an accounting "should be had as a matter of right before entry of the interlocutory or final judgment and before any division of money between the parties." *Gapihan v. Hemmings*, 995 N.Y.S.2d 368, 371 (3d Dep't 2014) (quoting *McVicker v. Sarma*, 558 N.Y.S.2d 997, 998 (3d Dep't 1990)).

Plaintiff asserts that "there are indeed outstanding and genuine issues of material fact" on the issue of accounting and suggests that "the subsequent accounting would, as a matter of judicial resources, be better addressed by a magistrate judge or special master." Defendants do not appear to take a position on the issue. By March 2, 2022, the parties shall meet and confer and file a joint letter, not to exceed five pages, proposing a briefing schedule and related procedures for the accounting.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED, and Defendants' motion is DENIED.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 67 and 70.

Dated:  February 16, 2022
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**