UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYLVIA TOPP,<br><br>              Plaintiff,<br><br>    v.<br><br>HARRY PINCUS and MONICA PINCUS,<br><br>              Defendants. | Index No. 1:20-cv-10016 (LGS)<br><br>[PLAINTIFF'S PROPOSED]<br>**ORDER OF REFERENCE** |

WHEREAS this action for partition by sale pursuant to Article 9 of the New York Real Property Actions and Proceedings Law ("RPAPL") was commenced by Plaintiff's filing of a Complaint on November 30, 2020 (ECF No. 1); and

WHEREAS the Court, in its Opinion and Order of February 16, 2022, granted Plaintiff's motion for summary judgment and denied Defendants' cross-motion for summary judgment (ECF No. 81);

NOW, upon joint application of Plaintiff and Defendants (the "Parties"), it is hereby ORDERED, ADJUDGED, and DECREED as follows:

### APPOINTMENT OF REFEREE

1. The Court hereby appoints Eric Zim, Esq., of Horwitz & Zim Law Group, P.C., 260 Madison Avenue, 16th Floor, New York, NY 10016, as Referee in this action (the "Referee").

2. The sale ("Sale") of the single coop apartment (currently owned by the Parties pursuant to separate stock certificates and proprietary leases) taking up the entirety of the 5th Floor

1

of the building located at 160 Sixth Avenue, New York, NY 10013,[1] excluding the common areas, (the "Premises"), shall be conducted according to the below Terms of Sale, under the direction of the Referee.

3. The Referee will receive the statutory referee's fee, in the sum of $500.00. The Referee will also receive any additional reasonable fees for his work in this matter, for the approval of which he shall make application to the Court.

## **TERMS OF SALE**

4. The Premises shall be sold as a single unit.

5. The Premises shall be sold by public sale.

6. The Premises shall be delivered vacant to the Purchaser.

7. There shall be no post-Closing occupancy by any Party.

8. For purposes of the Sale, Plaintiff will be represented by Real Estate Broker Joe Davila, of Sotheby's International Realty, 149 Fifth Avenue, 4th Floor, New York, NY 10010; 917-771-3787, 212-810-4971, joe.davila@sothebys.realty.

9. For purposes of the Sale, Defendants will be represented by Real Estate Broker Josh Rubin, of Douglas Elliman, 111 Fifth Avenue, New York, NY 10003; 917-727-6321, 212-321-7111, jrubin@elliman.com.

10. Both Parties shall provide timely and sufficient access for either or both of the Real Estate Brokers to photograph, video, diagram, etc. all parts of the Premises for the purposes of marketing.

---

[1] This building also maintains the alternate addresses of 210 Spring Street and 208-210 Spring Street, New York, NY 10012. The building is designated as Block 490, Lot 21 in Manhattan, New York County, New York.

11. Both Parties agree to allow either or both of the Real Estate Brokers to market the Premises, including providing access to either or both of the Real Estate Brokers, after reasonable notice to each party, respectively, to show the Premises to potential buyers.

12. Both Parties agree to leave the Premises during pre-arranged Open House showings, or private showings arranged with reasonable notice.

13. The two Real Estate Brokers shall work together jointly on all aspects of the Sale of the Premises, including marketing and sale strategy.

14. Any disagreement between the two Real Estate Brokers as to timing, strategy, or any other matter related to the Sale, shall be brought to the Parties for negotiation. If the Parties cannot resolve the issue themselves, the dispute will be brought to the Referee for a decision. Either party may appeal the Referee's decision to the Court. The Court's ruling on any such matter will be final.

15. There shall be no reserve price for the Sale of the Premises.

16. Plaintiff and Defendants will each hire and pay for their own separate Real Estate Attorney to represent them in the sale process.

17. For purposes of the Sale, Plaintiff will be represented by Real Estate Attorney David E. Frazer, 15 Maiden Lane, Suite 1700, New York, NY 10038; (917) 913-7556, (212) 285-1300, david@davidfrazerlaw.com.

18. For purposes of the Sale, Defendants will be represented by Real Estate Attorney Jonathan L. Geballe, Esq., 11 Broadway Ste 615, New York NY 10004 (212) 732-0800 jg@jonathangeballe.com.

19. The two Real Estate Attorneys shall jointly draw up the sales contract and jointly perform all other legal work necessary to complete the Sale.

20. Any disagreement between the two Real Estate Attorneys as to timing, strategy, or any other matter related to the Sale, shall be brought to the Parties for negotiation. If the Parties cannot resolve the issue themselves, the dispute will be brought to the Referee for a decision. Either party may appeal the Referee's decision to the Court. The Court's ruling on any such matter will be final.

21. The following cooperation clause shall be included in the Purchase Agreement:

> The Buyer herein acknowledges that it is the intention of Seller Sylvia Topp to effect an IRS Section 1031 Tax-Deferred Exchange, and that a portion of Seller Sylvia Topp's rights under this agreement shall be assigned to a Qualified Intermediary, to facilitate such exchange. Buyer agrees to cooperate with Seller Sylvia Topp and/or her assigns in a manner necessary to enable Seller Sylvia Topp to initiate said exchange at no additional cost or liability to Buyer.

## **LISTING AND MARKETING OF THE PREMISES**

22. Parties and Referee make no representations or warranties as to the Coop Board's approval of any Buyer or potential Buyer. Buyer must obtain not only the Sellers' approval of the offer to purchase, but also Board approval to join the Coop.

23. The pre-listing and marketing of the Premises shall begin on July 5, 2022. Offers will be solicited in whatever manner the two Real Estate Brokers agree to.

24. The acceptance of an Offer by both Plaintiff and Defendants is required for a sale of the Premises between the date of the issuance of this Order and January 5, 2023.

## **SALE AT AUCTION**

25. If, for any reason, no sale of the Premises has closed, or there is no fully executed contract in place for the sale of the Premises as of January 5, 2023, the Premises shall be withdrawn from the market and the Referee shall arrange for a sale of the Premises at

auction on February 6, 2023, at 12:00pm in the U.S. District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, unless the Parties jointly apply to the Court for a stay, in which case, the auction will be postponed until such time as the Court issues a ruling on the joint motion to stay.

26. <u>In the case of a sale at auction:</u> At or before the time of making a bid, the bidder shall exhibit to the Referee cash or certified check(s) for at least 10% of the amount of the bid.

27. <u>In the case of a sale at auction:</u> The bidding will be kept open after the property is struck down; and in case any Purchaser shall fail to comply with any of the above conditions of sale, the Premises will again be put up for sale, under the direction of the Referee and under these same terms of sale, without application to the Court, unless either Party's attorney shall elect to make such application. Further, such Purchaser will be held liable for any deficiency between the sum for which the Premises were struck down upon the first sale and the sum for which they are purchased upon the resale, and also for any costs and expenses incurred in relation to such resale. Upon Purchaser's default with respect to the conditions of sale, Purchaser's bid deposit shall automatically be forfeited and applied to the aforesaid deficiency, if any. Such forfeit shall not be a waiver of any rights of the Parties to seek and obtain damages from the defaulting bidder.

28. <u>In the case of a sale at auction:</u> Purchaser of the Premises will, at the time and place of Sale, sign a memorandum of the purchase, and an agreement to comply with the terms and conditions of sale herein contained.

**PURCHASER'S PAYMENT**

29. The purchase money for the Premises—<u>whether sold at auction or otherwise</u>—shall be paid by the Purchaser or the Purchaser's agent(s) to the Referee by certified check, bank check, or wire at the law offices of Horwitz & Zim Law Group, P.C., 260 Madison Avenue, 16th Floor, New York, NY 10016.

**CLOSING**

30. The Closing of Title shall be had no later than forty-five (45) days after the Sale unless otherwise stipulated by all parties to the Sale. There will be no contingent sales, and time is of the essence. However, this time is of the essence provision may be waived upon consent of both parties.

**SALE PROCEEDS**

31. The Referee shall establish a new account in the name of "Eric Zim as Referee" (the "Account") at JPMorgan Chase, located at 260 Madison Avenue, New York, NY 10016 (the "Bank").

32. The Referee, upon receiving the Proceeds of the Sale, shall forthwith deposit the Proceeds into the Account at the Bank, with the Proceeds to be held therein pending distribution.

33. The Referee shall, as soon after the Sale as possible, make or cause to be made the following payments, <u>in the following order</u>, with checks drawn from the Proceeds deposited in the Account at the Bank for this purpose:

    a. FIRST. In accordance with their priority according to law, to the extent they are due at that time of Closing, the taxes, monthly maintenance, or assessments which

are or may become liens on the Premises at the time of the Sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment.

   i. To the extent there are any maintenance, assessment or other arrears charged explicitly to either party, that party shall be responsible for such arrears.

   ii. To the extent there are sublet fees charged explicitly to either party, that party shall be solely responsible for the fees, and to the extent there are government taxes, such as taxes for STAR or other tax abatements charged to either party because of non-primary residence occupancy, said charges shall be the responsibility of the party not occupying as primary residence.

   iii. Any litigation expenses or fees related to Topp causing her subtenants to vacate shall be paid solely and exclusively by Topp.

   iv. Each party shall be exclusively obligated to bear any expense and liability for failure to cause that party's portion of the Premises to be vacated pursuant to the Contract of Sale, within the time period set for Closing.

b. SECOND. The Referee's statutory fee, in the sum of $500.00, plus any additional reasonable fees for the Referee's work, as determined by the Referee's application to the Court.

c. THIRD. <u>In the case of a sale at auction:</u> All expenses of the sale and any advertising expenses, as shown on the bills presented and certified by the Referee to be correct, duplicate copies of which shall be annexed to the Report of Sale.

    d. **FOURTH.** The fees due to Buyer's Real Estate Broker (if any), Plaintiff's Real Estate Broker, and Defendants' Real Estate Broker, in the following amounts:

        i. If Buyer has a Real Estate Broker, the broker fees will be as follows:

            1. To Buyer's Real Estate Broker: 3% of purchase price;

            2. To Plaintiff's Real Estate Broker: 1.5% of purchase price; and

            3. To Defendants' Real Estate Broker: 1.5% of purchase price.

        ii. If Buyer is directly procured by either Plaintiff's Real Estate Broker <u>OR</u> Defendants' Real Estate Broker, the broker fees will be as follows:

            1. To Plaintiff's Real Estate Broker: 3% of purchase price; and

            2. To Defendants' Real Estate Broker: 3% of purchase price.

    e. **FIFTH.** The transfer fee due from each Party to the Coop under the terms of the 2015 Tashikan Corporation Proprietary Lease § 14(a)(iv), in the amount of two and one-half percent (2.5%) of the profit from the assignment of the lease and the transfer of the shares to which it is appurtenant.

    f. **SIXTH.** The remainder of the Proceeds shall be divided exactly in half between Plaintiff and Defendants, pursuant to the Parties' prior agreement (ECF No. 84):

        i. To Plaintiff Sylvia Topp: 50% of net proceeds; and

        ii. To Defendants Harry Pincus and Monica Pincus: 50% of net proceeds.

### REPORT OF SALE

34. Within thirty (30) days after the Closing, the Referee shall file a Report of Sale with this Court, under oath, showing the disposition of the proceeds of the Sale, accompanied by receipts from any person to whom payments were made out of the proceeds of the Sale.

Dated: May 16, 2022
New York, New York

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE